Thank you. If I may reserve three minutes for rebuttal. May it please the Court. I'm Rebecca Silbert. I represent Joao Silva, the appellant in this action. The district court in this case imposed an unreasonable sentence. The court sentenced in violation of law because it incorrectly believed that its discretion was limited. It refused to consider certain of the arguments. I missed a word. I missed the last word in your sentence. Say it again. The court believed that its discretion was limited. It refused to consider certain of the arguments that we made. What do you mean, discretion limited? We made a number of arguments. This is post-Booker, right? And the judge knew about Booker. Yes, it is. It was very, very shortly after Booker. But it was the plea came before Booker, and the sentencing came after. So the judge knew about the Breyer opinion that wrapped up what Booker held. That's correct. That's correct. I don't get it. I thought that the judge plainly looked at the guidelines, considered them for the advisory value they had for him, recognized that he had discretion to treat them as merely advisory, and then sentenced. I don't get what the problem is. The problem is that we requested a reduced sentence based upon a number of factors that were consistent with both 3553 and downward departures. Okay. The judge considered them. The judge did not consider them. Well, the judge said he did. You said the judge read your memorandum. It was on your memorandum. You said here he read the --"you said you read the memorandum, and you cited 3553 and everything like that." So it was everything you're about to tell us today was in your sentencing memorandum, and you're saying the judge didn't pay any attention to it. I'm saying the judge read the memorandum, but at the sentencing hearing said that the guidelines were higher than what we'd requested, and that the arguments that had presented to reduce the sentence were not were the --" none of the arguments that were presented are available and or persuasive, and some of them are contrary to law. The word persuasive is what gets me. I always have trouble when somebody says the judge didn't consider something, thinking, how do I know whether he just overlooked it or whether he considered and rejected the contention? And when he says persuasive, what that means to me is I considered what you said, and I disagree with it. I reject it. And I think the problem is that the Court didn't say persuasive. She said unavailable or available and or persuasive. She said unavailable and or persuasive. And contrary to law. It's --" did she say and or persuasive? Yes. I wish people would not use verbules in writing or speech, because it's inherently ambiguous. She means or persuasive, obviously. I don't know. Or else she wouldn't have said and slash or. But it's the only thing it could mean. But when she says that, why doesn't that mean some of the arguments I don't think were available by law, and even if they are, I'm not persuaded by them? Because that's not what the Court said. And to the extent there's ambiguity about what the Court said, what this Court should do is remand on that narrow ground to clarify whether the Court believed it could consider my arguments. The arguments that we made for a reduced sentence were all available to the judge, and none of them were contrary to law. In spite of that, the Court said none of the arguments that have been presented to reduce the sentence are available and or persuasive, and a couple of them are contrary to law. Well, what arguments were you making that might have been contrary to law? Were you arguing that any priors had to be proved by a jury, found by a jury to be true? No, Your Honor. The government raised the point of the Almedares-Torres-Shepard issue with the prior convictions. My sentencing memo is abundantly clear that I was simply preserving that for appeal. I did not in the memo ask for a reduced sentence on that basis, and it was not discussed at the sentencing transcript. But it's in your memo? The Almedares-Torres argument? Right. It is in the memo. And what does the argument say? It is on page 10 of the excerpts of record. It's entitled, Objection to Use of a Prior Conviction. On page 11, I acknowledge that the law is against me, but line 17, I say I raised the issue to preserve it for further review and for adjudication. Should the motion be? Would that be what the judge was referring to, when the judge says it's not available? I don't believe that's a reasonable ---- You don't believe? Why isn't it? I mean, you made the argument, and the judge says not available, and you had a not available argument in your sentencing memorandum. Two reasons. First is that the judge says none of the arguments, plural, are available and or persuasive. And a couple of them, plural, are contrary to law. Second, I did not ask for a reduced sentence on the basis of the Almedares-Torres argument. It is at the end of the sentencing memo, after my discussion of the 3553 factors and after my request for a reduced sentence. This is another case involving the issue of reasonableness. It is. The question in this case may be a little bit different. In that, do we have jurisdiction to determine whether or not the sentence imposed by the district court was or was not reasonable? Absolutely. That issue, as I did notify the Court ---- Can I hear you? Absolutely. This Court has jurisdiction. That issue has been raised by the government. It is pending before ---- Well, that issue hasn't been decided yet by this circuit. That's correct. And I did notify the Court of one other panel I know that is considering it. No other courts that I'm aware of in the country have agreed with the government on that position. Most of them have cited the straight language of Booker, which says that the courts will have jurisdiction for reasonableness over sentences that are within or without of the guidelines. Let's assume, let's assume that we do have jurisdiction to determine reasonableness. How do we determine whether or not the sentence was or was not reasonable? The Ninth Circuit has not ---- But what do we look to? What subjective or objective tests do we go through? The Ninth Circuit hasn't yet ---- It may not be a problem to you, but it is to me. It doesn't need to be a problem in this case, because the district court incorrectly believed that its discretion was limited, its discretion was not limited. On that very narrow ground, this case should be remanded without addressing the broader issue. The cases of the Ninth Circuit have said so far, Cantrell is probably the case that provides the most assistance thus far, which sets up the two-step process. First, an appellate court reviews the guideline calculation under the old standards. Second, and it is a required second step, to review the sentence in light of the 3553 factors. If you had two defendants, both co-conspirators, one got one year, one got two years, which sentence would be reasonable and which sentence would be unreasonable? It would depend on the facts of the case. It has to, by definition, be an individualized determination. That was the whole point of the Booker opinion. The constitutional opinion, which was that there was a Sixth Amendment violation arising from the lack of discretion. The remedy was to restore discretion. So the other thing I would say is I still don't get why we should think the law is right there in 3553. You made your arguments. The judge says, in your quote of what he says, none of the arguments that have been presented to try to reduce the recommended guideline sentence are available and or persuasive, and a couple of them are contrary to the law, basically. A couple of them were. And as for the rest, why shouldn't we just assume that the judge did just what he said? He considered everything for reasonableness under 3553, under the guidelines, and he just wasn't persuaded, and he's the district judge. Because she didn't consider everything. She considered only the arguments that she believed were unavailable. How do you know she didn't consider everything? Because she stated that she believed some of them were unavailable. And a couple of them were. I mean, if you write something and you've got a capable, diligent district judge who says that she's considered the arguments and that she's not persuaded by them, why shouldn't we, instead of assuming that she didn't because she didn't recite each one, assume that she did, just like she said? I think the Court is taking this a step beyond where we need to be. If it was simply a matter of the Court not finding my arguments persuasive, the Court would have said the arguments aren't persuasive. Well, she did. She said that none of the arguments are persuasive. She said none of the arguments are available and are persuasive. We don't know that I would be here today if she had just said persuasive. But she said no. And what are you asking us to do? I'm asking the Court to remand on the very narrow ground, asking the Court that it was error that the Court, if the Court believed it, could not consider certain of my arguments as a matter of law. And where did the Court sentence your client? I mean, in relation to the guidelines? At the low end of the guideline range. At the low end of the guideline range. And so you're going to go back. Let's say you win. You go back. And then what are you going to ask the district court to do and on what ground? Go below the low end of the guideline range? I would ask for the same sentence we asked for the first time, yes. She already knew she could do that. She didn't know she could do that. She didn't know that she could consider my arguments in support of doing that. I will reserve my time for rebuttal. Thank you. Thank you, counsel. Good afternoon. Erica Frick on behalf of the United States. May it please the Court. I'd like to address three points today. First, the procedural reasonableness, if you will, of the decision, then the jurisdictional issue, and finally, the substantive reasonableness of the decision. It is clear here that the Court understood its authority under Booker. She stated that she knew the guidelines were advisory. She stated that she considered the 3553A factors. And she stated that she considered all of the defense submissions. She did not indicate that she was – that she felt bound not to consider any of that. And she still imposed a within-guidelines sentence. So what do you think she meant by not available? Well, I think the fairest reading of the record is that she was referring to the prior convictions argument, possibly the request for downward departures, which that analysis has not changed post-Booker. And I think if you look not at the defendant's sentencing memo, but at the government's opposition, it starts out refuting the prior conviction argument and then moves on to the downward departure argument. And so there are at least two arguments that were unavailable and contrary to law. And that is the fairest reading of this record. In sentencing cases, trial is over, guilty, no question. Now we come up to sentencing. What burden does the government have in those cases to prove that a sentence was reasonable? I'm not sure I understand the question, Your Honor. Well, you know, we – in law, we have burdens of proof. Mm-hmm. You know, we have different – different burdens of proof. Right. We each require each side of a case to have certain burdens of proof, right? Right. I understand that. Now, when it comes to – when it comes to sentencing somebody, does the government have any kind of burden of proof, or are all the burdens, all the burdens, placed upon the defendant? It's my understanding that sentencing is now the way it was pre-Booker, that is, it's the preponderance standard, because the guidelines are now advisory, so there's no constitutional violation. Tell me – tell me specifically what burdens of proof does the government have in an ordinary sentencing case? Not necessarily this one, but in an ordinary sentencing case. And then, after you tell me that, I'm going to ask you, how do we determine whether or not you met that burden? It's my understanding, Your Honor, that the government must prove that it's more than just sentencing facts, but that's obviously for the district court to decide. You prove it beyond a reasonable doubt or preponderance of the evidence, or what? By preponderance, not beyond a reasonable doubt. There has to be evidence of reasonableness. Right. Now, where was the evidence of reasonableness in this case? Well, Your Honor, there was – Where did somebody say that this sentence was reasonable? The sentence – well, first of all, it's important to distinguish between procedural reasonableness, if you will, which is following the Supreme Court's analysis in Booker and applying the 3553A factors and doing the proper procedures. And then beyond that, there is this further step that's suggested by Cantrell that in some cases the court can go beyond that to look at the ultimate sentence that it's substantive reasonableness, that is, looking at the length of the sentence. It's the government's position that the court does not have jurisdiction to reach that second question in this case, because this is a within-the-guideline sentence that was procedurally proper. Let me ask you something about the facts of this case to make sure I understand them, for they're bearing on reasonableness. I don't know whether to judge reasonableness you start at zero, which I don't think one might infer from Judge Ferguson's question, or whether you start with the guideline range, which you might infer from what the Supreme Court said in Booker, or whether you start with the statute, which is what Congress said. Leaving that aside, in this case, if I've got the right case and I understand it right, what Silva got convicted of this time was being in the United States, having been deported. And what got him deported was he'd been convicted in Rhode Island for possession of cocaine with intent to deliver, and in addition, he'd been convicted in Rhode Island of possession of cocaine with intent to deliver. So, the question is, whether you start with a sentence of just letting him go is reasonable, or the guidelines is reasonable? Where do you? Well, even this circuit has already reached that question and has definitely said, without a doubt, that the guidelines are the starting point. We believe the guidelines are entitled to substantial weight in the inquiry, because they already cover many of the 3553A factors. The guidelines also reflect almost 20 years of collective wisdom in terms of what is a proper sentence to impose, and the guidelines help to reduce the sentencing disparities among defendants, which is another 3553A factor. So, certainly, we believe the guidelines are the benchmark, and that any guideline sentence is presumptively reasonable. But that's assuming that you reach the substantive reasonableness to begin with, which requires getting over the jurisdictional threshold. I guess people that rape women in donut shop bathrooms, what's reasonable might be a little higher than the guidelines. Well, certainly, it's the government's position that a reasonable sentence here might very well have been much higher than the one that he received, based on the very extreme criminal history here. You don't have to worry about proof of that, because it's been proved, right? He was convicted. Exactly. Which is why prior convictions are not a problem. If the Court has no further questions, thank you very much. Thank you, counsel. Let me get one thing clear. You're asking us to vacate the sentence and send it back for plenary resentencing? I am, Your Honor, in light so that the judge may appropriately consider all of my arguments in light of 3553. Could the judge give more? Yeah. Is the judge bound not to go over the sentence already given? You're saying that it was defective and it has to be plenary resentencing. Your client could get more of that. So it's a possibility. There's certainly ample law in the circuit and elsewhere about vindictive sentencing, but that's not. As long as it's not vindictive, it could be higher. That law exists in the Ninth Circuit. It is something I did discuss with my client. Vindictive would be if it's punishment for having used his constitutional right to oppose it or his statutory right to appeal, right? That would certainly be one thing that would be vindictive. But if that wasn't why the sentence was higher, if the judge said, gee, you know, I didn't really think enough about this donut shop thing, I didn't give you enough time the first time because I didn't have my mind on the donut shop, then it wouldn't be vindictive, right? I'm not sure I can answer that hypothetical without going through the entire process of sentencing with the district court. It's a totality. It's what would happen. Recognize the risk. Yes. I want to go back just briefly on the unavailability contrary to law issue. I think we have to take the district court at her word. You don't say unavailable and or unpersuasive and a couple of them contrary to law if you're talking about unpersuasive. Did you ask for clarification? Did not. You only asked for clarification on paragraphs 35 and 36 of the probation report, but not this issue. You did not say maybe this is the practice point. For the record and for the Ninth Circuit, what do you mean by not available? I did not, Your Honor. I will remind the Court that this sentencing occurred very shortly after Booker and it was at a point in time when, as is obvious from the record, the cases were Wilson and Ranum and the discussion was about Wilson versus Ranum. Booker was real exciting. I think all of us in the business probably read it on our computer screens. Before it was even in print. I think in my office we did, actually. Sure. Probably in Ms. Frick's as well. At this point, the district courts were still very much struggling and they are still struggling, but at this point, back right after Booker was decided, this Court in this instance believed itself bound in a way it was not bound. Because that was error and it was a sentence imposed in violation of law, this Court can remand on that very narrow ground without reaching the broader issues that have been briefed extensively and are at issue across the country, substantial weight, presumption of reasonableness, any of those issues. Thank you, counsel. Thank you. United States v. Silva is submitted. We'll hear United States v. Al Nasser.
judges: Ferguson, Trott, Kleinfeld